UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 22-CV-62147-WILLIAMS/AUGUSTIN-BIRCH**

**RISING PHOENIX HOLDING**
**CORPORATION,** *et al.*,

      **Plaintiffs,**

**v.**

**RICHARD S. ROSS,**

      **Defendant.**

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO REMAND**

THIS CAUSE is before the undersigned on Plaintiffs' Motion to Remand ("Motion"). DE 6. The Honorable Kathleen M. Williams, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for a Report and Recommendation. DE 12. Upon a thorough review of the Motion, Response and Reply thereto, and the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiffs' Motion [DE 6] be GRANTED in part and DENIED in part.

## I.    BACKGROUND

Plaintiffs, Rising Phoenix Holding Corporation ("Rising Phoenix") and Tidal Basin Government Consulting, LLC ("Tidal Basin") (collectively, "Plaintiffs") filed an 8-count Complaint against Defendant Richard S. Ross ("Defendant") in Florida's Seventeenth Judicial Circuit Court in and for Broward County. DE 11 at 2-3. Defendant is a Florida-barred attorney and a Florida resident. DE 1-1 ¶¶ 9, 17. Rising Phoenix holds a controlling ownership interest in Tidal Basin. *Id.* ¶ 15. Plaintiffs allege that currently unidentified hackers gained access to a Rising

Phoenix executive's email account and fraudulently induced Tidal Basin to transfer approximately $29 million intended as payment to its subcontractor into a trust account controlled by Defendant. *Id.* ¶¶ 4-9, 11.  Plaintiffs further allege that Defendant knew or should have known of the fraud and "directly or indirectly participated in and assisted the fraud." *Id.* ¶ 13.  Defendant states that he believed the money deposited into his trust account was due to his client and that he disbursed the money accordingly.  DE 7 at 2.

Plaintiffs filed the Complaint on November 17, 2022.[1]  Defendant became aware of the state court Complaint and removed this case to federal court on the basis of diversity jurisdiction hours after the Complaint was filed.  DE 6 at 2; DE 11 at 3.  The Broward County Clerk issued the summons to serve process on November 21, 2022.  DE 6 at 2-3.  Thus, Plaintiffs were unable to serve Defendant prior to Defendant's removal.  *Id.* at 2.

On November 22, 2022, Plaintiffs filed their Motion to Remand [DE 6].  Defendant filed his Response in Opposition [DE 11], and Plaintiffs filed their Reply in Support [DE 15].  This matter is now ripe for adjudication.

## II.    LEGAL STANDARD AND ANALYSIS

Federal law provides procedures for defendants to remove complaints from state to federal jurisdiction when certain conditions are met.  28 U.S.C. §§ 1441, 1446.  The Eleventh Circuit has noted that "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d

---

[1] Plaintiffs filed a prior Complaint in state court on November 14, 2022, against Defendant Ross and other defendants. DE 11 at 2.  This Complaint contained substantively identical claims against Defendant Ross as the instant Complaint. DE 15 at 2 n.1.  When the other defendants were served, they removed the case to federal court before Defendant Ross was served.  DE 11 at 2.  Plaintiffs dismissed the case and refiled against Defendant Ross alone, intending to join other defendants after serving Defendant Ross.  DE 15 at 7-8.

1092, 1095 (11th Cir. 1994).  Defendant, as the removing party, bears the burden of establishing

that removal is proper.  *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).

      To remove under diversity jurisdiction, there must be diversity of citizenship between the

parties and an amount in controversy in excess of $75,000.[2]  28 U.S.C. § 1332(a).  However, there

is a limitation on removal under diversity jurisdiction when a defendant is a resident of the forum

state.  *See* 28 U.S.C. § 1441(b)(2).  "A civil action otherwise removable solely on the basis of the

jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly

joined and served as defendants is a citizen of the State in which such action is brought."  *Id.*  This

is known as the forum defendant rule.  *Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372,

1377 (N.D. Ga. 2018).  "[T]he forum-defendant rule was included in the removal statute to prevent

gamesmanship by keeping plaintiffs from blocking removal by joining a forum defendant against

whom the plaintiff does not intend to proceed against."  *Id.* at 1380 (internal quotation marks

omitted).  The language of the forum defendant rule has been the subject of discussion in federal

courts because when a case is removed under diversity jurisdiction before the forum defendant has

been served, it accomplishes removal of a case with in-state defendants.  *See Butler v. Stage 29*

*Media Prods., Inc.*, No. 20-20239-CIV, 2020 WL 13349033, at *2 (S.D. Fla. July 10, 2020)

(discussing other courts' review of pre-service removals).  This pre-service removal has been

referred to as a "snap removal."  *Id.* at *1-2.

      The Parties' argument over whether this case is removable centers around the meaning of

the phrase "properly joined and served" in 28 U.S.C. § 1441(b)(2).  Defendant argues that the

statutory language is unambiguous and therefore authorizes snap removals because a forum

defendant must be served for the forum defendant rule to bar removal.  DE 11 at 12.  In contrast,

---

[2] The Parties here do not dispute that this case meets the requirements of complete diversity and amount-in-controversy.  *See* DE 6 at 3; DE 11 at 7.

Plaintiffs submit that a snap removal by a forum defendant, as the only defendant in the case, is impermissible and would "subvert Congress's intent in enacting the forum-defendant rule," leading to absurd results.  DE 6 at 6-7; DE 15 at 5-6.   The specific question in this case is whether a removal is proper under Section 1441(b)(2) where one defendant, who is a resident of the forum, obtained notice of a complaint and removed the case to federal jurisdiction before the state clerk issued the summons and the plaintiff had an opportunity to serve process.

In reviewing snap removals, some courts have held that removal before service on a named forum defendant is appropriate under Section 1441(b)(2).  *See, e.g.*, *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-07 (2d Cir. 2019) (finding that removal by a forum defendant in limited circumstances "is authorized by the text of Section 1441(b)(2)"); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018) (concluding that the plain meaning of the statute allows for pre-service removal).   Other courts have concluded that removal is appropriate when a non-forum defendant removes a case before service on the forum defendant.  *See, e.g.*, *Lan Li v. Walsh*, No. 9:16-CV-81871, 2019 WL 12267185, at *3 (S.D. Fla. July 3, 2019); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009) (finding that "a non-forum defendant that has not yet been served may remove a state court action to federal court under Section 1441(b) notwithstanding the fact that the plaintiff has already joined—but not yet served—a forum defendant"); *Tex. Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) ("A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state.").  Still others have stated that allowing removal before a forum defendant is served "flies in the face of the purpose of the forum defendant rule."  *See, e.g.*, *Butler*, 2020 WL 13349033, at *3.

The Eleventh Circuit has not yet decided whether remand is appropriate when a case is removed prior to service on a forum defendant.  However, the Eleventh Circuit did indicate that it would not prevent a district court from finding that removal was improper when non-forum defendants engaged in gamesmanship by removing a case prior to service on the forum defendant. *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014).  In *Goodwin*, the District Court permitted the plaintiff to voluntarily dismiss a case pursuant to Federal Rule of Civil Procedure 41(a)(2) after non-forum defendants removed the case before any defendant had been served.  *Id.* at 1218.  This provided an opportunity for the plaintiff to refile the case in state court to "irrefutably trigger the forum-defendant rule and, thereby, preclude a second removal." *Id.*  The Eleventh Circuit determined that the District Court had not erred in allowing a voluntary dismissal and further opined, in dicta, on the forum defendant rule.  *Id.* at 1220-21.  The Court noted that the case before it was in federal court only because the defendants had exploited their receipt of pre-service notice of the complaint and the state court's delay in processing the plaintiff's service request.  *Id.* at 1221.  The Court found persuasive other courts' interpretation that the "properly joined and served" language was added to the removal statute "as an effort to prevent gamesmanship by plaintiffs." *Id.*  The Court therefore stated that since preventing plaintiffs' gamesmanship was the likely purpose of the amendment, the Court could not believe that district courts would be constrained from using their discretion to "undo *Defendants'* gamesmanship" where non-forum defendants remove a case prior to service on any defendant.  *Id.* (emphasis in original).

Various courts in the Southern District of Florida cite to *Goodwin* and have determined in recent years that remand is appropriate in snap removal cases.  *See generally D'Ovidio v. Royal Caribbean Cruises, Ltd.*, No. 22-21629-CIV, 2022 WL 16798446, at *4 (S.D. Fla. Nov. 8, 2022)

(finding that remand was proper when the forum defendant removed a case prior to service after receiving advanced notice of the complaint); *Butler*, 2020 WL 13349033, at *3 (agreeing with other courts in stating that "allowing this sort of snap removal flies in the face of the purpose of the forum defendant rule"); *Timbercreek Asset Mgmt., Inc. v. De Guardiola*, No. 9:19-CV-80062, 2019 WL 947279, at *3 (S.D. Fla. Feb. 27, 2019) (stating that "the forum defendant rule bars the removal of suits when the forum defendant, engaging in litigation gamesmanship, removes a suit prior to service of process"). *But see Lan Li*, 2019 WL 12267185, at *3 (permitting removal by a non-forum defendant prior to service on a forum defendant). The undersigned finds *D'Ovidio* on point with its reasoning that remand is appropriate when a case was removed by the forum defendant, who is the only defendant in the case, because the defendant had advanced notice of the complaint and removed the case before the plaintiff had an opportunity to serve process. *See D'Ovidio*, 2022 WL 16798446, at *3-4.

*D'Ovidio* concerned a plaintiff who filed a complaint in Florida state court against a Florida defendant, the sole defendant in the action. *Id.* at *1. Before the state clerk issued the summons, the defendant removed the case pursuant to federal diversity jurisdiction. *Id.* The parties had engaged in pre-suit discussions in attempts to resolve the case, with the plaintiff trying to mediate the dispute before the expiration of the statute of limitations. *Id.* at *1-2. In the absence of obtaining the defendant's agreement to mediate and toll the statute of limitations, the plaintiff filed a complaint in state court. *Id.* at 2. In deciding whether remand was appropriate, the Court answered the specific question of whether the "forum defendant rule allows removal where the only defendant is an in-state defendant, who had advanced notice of the complaint's filing and removed the case before Plaintiff even had an opportunity to serve process." *Id.* at *3. The Court noted that "two interpretations of the statute [were] in play," one of which allowed removal

because the defendant had not been served. *Id.* However, the Court noted that a different interpretation of the language of Section 1441(b) conditioned removal on some defendant being properly joined and served. *Id.* The Court interpreted the statute's use of the word "joined" to imply that there are multiple defendants in the suit. *Id.* Using the second interpretation, the Court stated that because there were no other defendants joined in the action, the forum defendant rule barred the defendant's removal of the case. *Id.* at *4. The Court further stated that the facts of the case favored remand. *Id.* Although the defendant had received an advanced copy of the complaint, the Court noted that even if the defendant happened to find the complaint through docket monitoring, the state court delay in issuing the summons allowed a window for the defendant to remove before the plaintiff had an opportunity to serve the only defendant. *Id.*

   *Timbercreek* also persuades the undersigned that remand is appropriate due to Defendant's gamesmanship. *See Timbercreek Asset Mgmt., Inc.*, 2019 WL 947279, at *1-4. In *Timbercreek*, the plaintiff filed suit against the defendant and then attempted to serve process on the defendant nine times between his Florida and Georgia residences. *Id.* at *3. Just days after the suit was filed and before he was formally served with process, the defendant removed the case to federal court, relying on the "properly joined and served" language of Section 1441(b)(2). *Id.* at *1. The defendant then waived service of process, even though the defendant was aware the plaintiff was attempting to serve him in the state case prior to filing its removal. *Id.* at *3-4. The Court determined that the defendant was a Florida resident and stated that "the forum defendant rule bars the removal of suits when the forum defendant, engaging in litigation gamesmanship, removes a suit prior to service of process." *Id.* at *3-4. Reviewing case law from district courts within the Eleventh Circuit, the Court stated that the defendant had engaged in gamesmanship and, since the

defendant was a resident of Florida, the forum defendant rule barred the defendant's removal.  *Id.* at *3-4.

The Parties here dispute the propriety of the pre-service removal to the Southern District of Florida by Defendant, a resident of Florida and the sole named defendant in this case.  Defendant has exploited the delay in the state clerk's issuance of the summons and removed the case to federal jurisdiction by filing his removal prior to Plaintiffs having an opportunity to even attempt service on him.  Defendant monitored the docket because he was aware that Plaintiffs were seeking to litigate a case against him in state court, since a Complaint had been recently filed against him and other defendants, and Plaintiffs had voluntarily dismissed that case after the other defendants removed the case prior to service on Defendant.  Such gamesmanship exploiting pre-filing notice and technicalities due to the late issuance of the summons should not be rewarded to Plaintiffs' detriment in this case.

Defendant relies on decisions from the Second and Third Circuit Courts to support his argument that removal by a sole forum defendant is proper under Section 1441(b)(2).  DE 11 at 8-11.  In the Third Circuit's case *Encompass*, the defendant's attorney agreed to accept service of process and return an acceptance form as required under the Pennsylvania Rules of Civil Procedure.  *Encompass Ins. Co.*, 902 F.3d at 150.  However, prior to completing formal acceptance of service, the defendant's attorney decided to remove the case to federal court under Section 1441(b).  *Id.*  The Third Circuit Court affirmed removal, finding that the defendant had "availed itself of the plain meaning of the statute" by removing the case to federal court prior to formal service of process.  *Id.* at 154.  In *Gibbons*, the Second Circuit Court stated that "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law."

*Gibbons*, 919 F.3d at 705.   The Court further stated that the statute authorizes a home-state defendant's removal of an action before any defendant is served.   *Id.* at 707.

While the Second and Third Circuits have found the language of Section 1441(b)(2) does not preclude a snap removal, the undersigned is not persuaded by Defendant's reliance on the case law from those Circuits.   First, neither Second Circuit nor Third Circuit opinions are binding precedent for courts within the Eleventh Circuit.   *Bravo v. Eden Isles Condo. Ass'n, Inc.*, No. 09-22532-CIV, 2011 WL 13174648, at *1 (S.D. Fla. July 11, 2011) ("[T]he decision of a sister circuit court of appeals is not binding precedent on a district court in another circuit, but is merely persuasive authority." (internal quotation marks omitted)).

Second, the Eleventh Circuit Court in *Goodwin* has stated, in dicta, that permitting a defendant to exploit pre-litigation notice and a delay in the state clerk's processing of service of process on the defendants would turn the language in Section 1441(b)(2) "on its head."   *Goodwin*, 757 F.3d at 1221.   *Goodwin* indicates that the Eleventh Circuit would read the "properly joined and served" language of Section 1441(b)(2) as permitting a court to remand to undo a defendant's gamesmanship.

Third, neither *Encompass* nor *Gibbons* reviews facts where, as here, there was a delay with issuing the summons by the state court clerk, precluding the plaintiff from even attempting to serve the complaint before the defendant removed the case.   *See Encompass Ins. Co.*, 902 F.3d at 147; *Gibbons*, 919 F.3d at 706.   Because of the recognized delay between the filing of a complaint and the issuance of a summons in certain jurisdictions, and because of the increasing ability of defendants to search for, or be noticed of, electronic filings of cases against them, permitting snap removals could give defendants an advantage to continually overcome a plaintiff's choice of

forum.  For these reasons, the Court is not persuaded by Defendant's reliance on *Encompass* and *Gibbons*.[3]

    This case is before the undersigned because Defendant was able to take advantage of pre-service notice of the Complaint and file a notice of removal.  Like in *D'Ovidio*, Defendant is the sole defendant in this removed action, is a resident of Florida, learned of the state case prior to being served, and executed removal of the case before the state clerk of court issued the summons to serve process.  DE 6 at 3, 8; DE 11 at 3; *D'Ovidio*, 2022 WL 16798446, at *3-4.  There are no other defendants joined in this action at present.  Although Defendant attempted to take advantage of the "properly joined and served" language of Section 1441(b)(2) by removing the case prior to receiving service of the Complaint, because Plaintiffs did not have an opportunity to even attempt service on Defendant, the sole defendant in this action, due to a delay in the issuance of the summons, the undersigned submits that remand is proper.  Uncertainties as to the propriety of removal under the statute should be "resolved in favor of remand."  *Burns*, 31 F.3d at 1095.

    There is currently no binding Eleventh Circuit precedent as to the propriety of snap removals under Section 1441(b)(2), as Defendant correctly points out that *Goodwin*'s discussion of this issue was dicta.  DE 11 at 15.  Although the *Goodwin* court did not directly decide this issue, the undersigned finds *Goodwin* persuasive in deciding to recommend remand.  *See Goodwin*, 757 F.3d at 1218-22.  The undersigned therefore suggests that the facts and the law here support removal and recommends so accordingly.

---

[3] Defendant also cites to an Order by United States District Judge Kathleen Williams in support of removal.  DE 11 at 7 (citing to *Lopez v. Martens*, No. 19-24609-CIV, 2020 WL 5742594, at *3 (S.D. Fla. Sept. 25, 2020)).  Defendant argues that in this case Judge Williams "recognized the appropriateness of 'snap removal,'" but Defendant's argument misinterprets the language cited.  The undersigned reads Judge Williams' language as simply recognizing that "many courts" have deemed snap removals proper.  The undersigned does not construe the language as indicative of whether Judge Williams agrees or disagrees with that conclusion.

### III.  PLAINTIFFS' REQUEST FOR FEES

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Plaintiffs request that the Court assess costs and attorney's fees against Defendant under Section 1447(c), arguing that Defendant "lacked an objectionably reasonable basis for" removing the case. DE 6 at 11-13.  However, because the propriety of snap removals is currently an unclear issue of law, and because there is no binding Eleventh Circuit precedent on the issue, the Court concludes that Defendant did not lack an objectionably reasonable basis to remove the case prior to service under the "properly joined and served language" of 28 U.S.C. § 1441(b)(2).  *See, e.g.*, *Blackout Ent., LLC v. Young King Recs., Inc.*, No. 1:21-CV-05093, 2022 WL 1694291, at *3 n.2 (N.D. Ga. Feb. 1, 2022) (stating that the defendants "did not lack an objectively reasonable basis for seeking removal" when the defendants removed a case prior to the forum defendant being served).  The undersigned therefore does not recommend that fees be assessed.

### IV.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Motion to Remand be granted in part and denied in part.  The undersigned recommends that the case be remanded to the Seventeenth Judicial Circuit Court in and for Broward County, Florida and that Plaintiffs' request for costs and attorney's fees be denied.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations.

28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a).  The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 5th day of January, 2023.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE