UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-62147-CV-WILLIAMS

RISING PHOENIX HOLDING
CORPORATION, *et al.*,

    Plaintiffs,

v.

RICHARD S. ROSS,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on U.S. Magistrate Judge Panayotta Augustin-Birch's Report and Recommendation (DE 18) ("***Report***") on Plaintiff Rising Phoenix Holding Corporation's and Plaintiff Tidal Basin Government Consulting, LLC's (together, "***Plaintiffs***") Motion to Remand (DE 6) ("***Motion***"). In the Report, Judge Augustin-Birch recommends that the Court grant in part and deny in part Plaintiffs' Motion. (DE 18.) More specifically, Judge Augustin-Birch recommends that the Court remand this case but deny Plaintiffs' request for attorneys' fees. (*Id.*) Defendant Richard S. Ross ("***Defendant***" or "***Ross***") filed Objections to the Report (DE 19) ("***Objections***"), to which Plaintiffs filed a Response (DE 20).

    **I.**    **BACKGROUND**

In the Objections, Defendant argues that Judge Augustin-Birch did not engage in the requisite statutory construction of 28 U.S.C. § 1441 and "impermissibly rewrote" the statute by looking beyond its plain meaning; misconstrued Eleventh Circuit case law and erred in finding that Defendant's gamesmanship warranted remand; failed to address

Defendant's assertion that Plaintiffs fraudulently joined Defendant to trigger the forum-defendant rule; and misinterpreted non-binding Second Circuit case law. (DE 19 at 2–3.) Having conducted a *de novo* review of Plaintiffs' Motion to Remand, the Court concurs with the findings and conclusions in the Report.

## II.     DISCUSSION

As explained in the Report, a civil action otherwise removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This is known as the forum-defendant rule. The rule unambiguously disallows removal if any defendants "properly joined and served" are forum defendants. A "loophole" to the forum-defendant rule which has been the subject of discussion in many federal courts is a "snap removal," where a defendant removes a case prior to a forum defendant being served. The Eleventh Circuit has not yet decided whether remand is appropriate when a case is removed prior to service on a forum defendant but it did provide guidance in *Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014).

In *Goodwin*, the plaintiff filed her case in state court against one forum defendant and two non-forum defendants, and the two non-forum defendants removed the case prior to the forum defendant being served. *Id.* at 1218. Plaintiff filed a motion to remand or alternatively to dismiss the case, and the district court granted plaintiff's motion to dismiss under Federal Rule of Civil Procedure 41(a)(2). *Id.* at 1218–19. The Eleventh Circuit held that the district court did not abuse its discretion in dismissing the case without prejudice even where plaintiff's stated intention was to subsequently file suit against only the forum defendant, serve him with process, and then join the other two non-forum

defendants to "irrefutably trigger the forum-defendant rule and, thereby, preclude a second removal." *Id.* at 1219.

Further, the *Goodwin* Court opined on the forum-defendant rule, noting that "the purpose of [section 1441(b)'s "properly joined and served"] language is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom the plaintiff does not intend to proceed, and whom the plaintiff does not even serve." *Id.* at 1221 (internal quotations and citation omitted). In light of that interpretation and the fact that the defendants only achieved removal through "gamesmanship,"[1] the Court stated it "cannot believe" that section 1441(b)'s "properly joined and served" language "constrains the district court's discretion under Rule 41(a)(2) to undo [d]efendants' gamesmanship in the circumstances at bar." *Id.*

The question in this case is whether section 1441(b)(2) permits a sole forum defendant to remove a case before that defendant has been served. *Goodwin* and the courts within this circuit interpreting it lead the Court to conclude that there is no exception to the forum-defendant rule that would allow a sole forum defendant to remove a case prior to service. *See, e.g.*, *D'Ovidio v. Royal Caribbean Cruises, Ltd.*, 2022 WL 16798446, at *4 (S.D. Fla. Nov. 8, 2022) ("Defendant Royal Caribbean is the *only* defendant in this case and it is an in-state forum defendant, which means that under this interpretation, the statutory exception to the forum defendant rule would not apply in this case to allow removal. There are no other defendants, let alone any other served defendants that would

---

[1] The Eleventh Circuit referred to defendants' snap removal as gamesmanship because they only achieved removal in a case with a forum defendant by "exploiting, first, [p]laintiff's courtesy in sending them copies of the complaint and, second, the state court's delay in processing [p]laintiff's diligent request for service." *Id.*

trigger the exception to the forum defendant rule to allow a proper removal."); *Butler v. Stage 29 Media Prods., Inc.*, 2020 WL 13349033, at *3 (S.D. Fla. July 10, 2020) ("The Court agrees with others before it, including in this District, that allowing this sort of snap removal flies in the face of the purpose of the forum defendant rule."); *see also First Sw. Fin. Servs., LLC v. Dawkins Home, Inc.*, 2019 WL 7945684, at *4 (S.D. Fla. July 3, 2019) (opining on snap removals and stating: "Courts appear to generally disfavor this 'controversial' litigation tactic").

Defendant disagrees and argues that the plain language of section 1441(b)(2) permits removal where the forum defendant has not yet been served, even if the forum defendant is the *only* defendant. (DE 11; DE 19.) However, Defendant's interpretation chips away at the forum-defendant rule and is at odds with both the purpose of the "properly joined and served" language in section 1441(b) and the general public policy behind the removal statute. *See Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372, 1381 (N.D. Ga. 2018) (remanding case that was removed prior to the forum defendant being served and stating, "this decision is meant to close an absurd loophole in the forum-defendant rule and to uphold the purpose and integrity of the rule"); *see also Allen v. GlaxoSmithKline, PLC*, 2008 WL 2247067, at *5 (E.D. Pa. May 30, 2008) ("There is no sound reason to conclude that the purpose of the 'joined and served' requirement is to allow unserved, in-state defendants to remove the action.").

As stated above, the Eleventh Circuit opined that the "properly joined and served" language in section 1441(b)(2) seeks to prevent gamesmanship by a plaintiff. *Goodwin*, 757 F.3d at 1221 ("[T]he purpose of the language is 'to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not

intend to proceed, and whom [the plaintiff] does not even serve . . . . We find this interpretation persuasive."). The Court rejects Defendant's interpretation of the statute because rather than furthering the purpose of preventing a *plaintiff's* gamesmanship, Defendant's reading would condone and promote a *defendant's* gamesmanship. In essence, as understood by Defendant, the forum-defendant rule would reward a forum defendant who receives pre-filing notice of a lawsuit or who monitors state court dockets to gain post-filing, pre-service notice. However, the statute is not intended to create an exception that would allow savvy forum defendants to be able evade the forum-defendant rule. Allowing such an exception would "turn the removal statute on its head." *D'Ovidio*, 2022 WL 16798446, at *4. Moreover, to allow a sole forum defendant to remove a case prior to service via a snap-removal would "condition a forum defendant's ability to remove a diversity case on the timing of service." *Id.* (quoting *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1370 (N.D. Ga. 2011)) ("There is no conceivable reason why Congress would condition a forum defendant's ability to remove a diversity case on the timing of service.").

In addition to comporting with the public policy behind section 1441(b)'s "properly joined and served" language, this conclusion is consonant with the public policy rationale behind remand, generally: "Congress devised the removal statute and diversity jurisdiction to protect out-of-state defendants from homegrown state juries." *Id.* (concluding that remand "is consistent with the removal statute's purpose and the fundamental tenets of diversity jurisdiction"); *see Timbercreek Asset Mgmt., Inc. v. De Guardiola*, 2019 WL 947279, at *2 (S.D. Fla. Feb. 27, 2019) ("[S]nap removals uniquely undermine the purpose of the forum-defendant rule and contravene the removal legal

standard.") (quoting *Delaughder*, 360 F. Supp. 3d at 1380). Because Defendant—the sole defendant in this action—is an in-state defendant, maintaining this action in federal court does not protect Defendant or his rights.[2]

In his Objections, Defendant seeks to make two main distinctions between the facts in this case and *Goodwin*. First, Defendant contends that he did not engage in gamesmanship like the defendants in *Goodwin*, but rather that he had "post-filing pre-service notice" and "availed himself to the express language contained in the statute," (DE 19 at 14); his gamesmanship can be distinguished from the *Goodwin* defendants' by its temporal posture (*i.e.*, post-filing notice rather than pre-filing notice). However, Defendant's argument misses the mark. While a defendant's gamesmanship may guide a court's analysis on a motion to remand, the question here is whether, gamesmanship aside, permitting a snap removal by a sole in-state defendant would turn the forum-defendant rule on its head.

Second, unlike in *Goodwin* where the Eleventh Circuit stated that "there is no indication that [p]laintiff fraudulently joined the forum defendant," 757 F.3d at 1222, Defendant contends that "joinder of Ross [wa]s fraudulent" for the "sole purpose" of suing Regions Bank (a non-forum defendant) in state court. (DE 19 at 15.) However, there is no indication that Plaintiffs fraudulently joined Defendant or that Plaintiffs do not intend to proceed against Defendant. Defendant was a party to Plaintiffs' first action and is the only Defendant in this second action. While Plaintiffs admittedly intend to add additional

---

[2] Further, the Court cannot maintain an action that was improperly removed because Plaintiffs *may* join non-forum defendants later. Even so, Plaintiffs' current "strategy" is what the plaintiff contemplated, and the Eleventh Circuit approved in *Goodwin*.

defendants to this action after Defendant is served, that does not make joinder of Defendant fraudulent. Rather, it demonstrates Plaintiffs' preference in keeping their action in state court. Such preference does not violate section 1441(b)'s "properly joined and served" language. Indeed, as noted by Plaintiffs: "By voluntarily dismissing their initial lawsuit against Ross and Regions Bank . . . and refiling it only against Ross, Plaintiffs did not act in 'bad faith' as Ross unfairly charges . . . but instead followed a roadmap the Eleventh Circuit explicitly articulated and condoned" in *Goodwin*. (DE 15 at 7–8; DE 20 at 5–6.)

In conclusion, where there is only one defendant who is from the forum state, that defendant's pre-service removal does not make the removal—otherwise impermissible under the forum-defendant rule—proper. *See D'Ovidio*, 2022 WL 16798446, at *4; *see also Goodwin*, 757 F.3d at 1222. In light of the above, and recognizing that "removal statutes should be construed narrowly, with doubts resolved against removal," the Court finds that remand is proper. *See Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003); *see also Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) ("The removal statute should be construed narrowly with doubt construed against removal.").

### III.     CONCLUSION

Having carefully reviewed the Report, the Objections, the record, and applicable law, it is **ORDERED AND ADJUDGED** as follows:

1. The Report (DE 18) is **AFFIRMED AND ADOPTED**.
2. Plaintiffs' Motion to Remand (DE 6) is **GRANTED**.

3. The Clerk of Court is directed to **REMAND** this case to the Seventeenth Judicial Circuit in and for Broward County, Florida. All other pending motions are **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>20th</u> day of April, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE